Rutledge *v.* Rutledge.

## SALLIE E. RUTLEDGE *v.* ELIZA RUTLEDGE *et al.*

EXEMPTION. *One half interest in a horse.* Under the exemption law an ascertained one half interest in a horse is as much exempt from execution as a whole horse.

Code cited: Sec. 2288.

### FROM SULLIVAN.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

C. J. ST. JOHN for complainant.

Y. K. & F. & W. V. DEADERICK for defendants.

FREEMAN, J., delivered the opinion of the court.

Complainant is the widow of John C. Rutledge, who died in November, 1868. She charges in this bill that her husband, a short time before his death, owned a bay mare, which he let his nephew, Robert Rutledge, and his mother, Eliza Rutledge, have, on the terms that Robert, who was under age, living with his mother, should take the mare, use her carefully, and raise colts from her, and in consideration therefor, the said Robert was to have a half interest in the mare, and one half the colts raised from her. It seems the mare has had four colts, but had only one, perhaps, at the death of the husband. The husband was the head of a family, and two horses as such were exempt from execution, by virtue of the Code. The property exempt from execution on the death of the husband goes to the widow, for herself and for the benefit of the children of the deceased (sec. 2288), "and shall not go to the executor or administrator." If the property in the mare and colt, or the half interest in them was in the husband at his death, and was not subject to execution, then it went to the widow, the administrator having nothing to do with it. The case is a novel one, but on consideration we can see no good reason why an ascertained or one-half interest in a horse may not as well be exempt from execution as an entire horse. That the horses were not in possession of the deceased at his death makes no difference. They were on hand, in the

language and sense of the law, that is, owned or possessed by the party at his death.

We can see no remedy at law in this case, therefore the widow might come into equity. If the facts stated are proven, on the division of the property she will be entitled to the one-half interest owned by her husband at his death, and any increase of property since will be hers, the product following the original stock.

Reverse and remand, with costs of this court.